Howard T. Hogan, J.
This is an action brought by the executrix of the estate of Kellie Smith, a licensed real estate broker, to recover commissions claimed to be due him from the defendants for his efforts in bringing about the sale of their house to one Dr. Biegeleisen. The evidence discloses that in August, 1954 plaintiff’s testator induced the doctor to make a bid for defendants’ house and an adjoining parcel of vacant land. This was rejected by the defendants and was followed by an increased offer of $57,500 for the house, and a request for a five-year option to purchase the lot for $12,500. Defendants rejected this new offer as well.
There were no further negotiations thereafter between the parties until June, 1955 when Dr. Biegeleisen, acting, he says, on an impulse, called upon the defendants. There is no evidence, nor any claim, that during the intervening nine months plaintiff’s testator made any attempt to keep the negotiations alive.
As a result of Dr. Biegeleisen’s visit a contract for the sale of the house for $57,500 was executed. The matter of the vacant lot was disposed of when his mother agreed to purchase it for $12,500.
Both transactions were consummated. When the broker demanded a commission on the sale of the house, defendants refused to pay it on the ground that his inaction from August, 1954 to June, 1955 constituted on his part, a complete abandonment of the negotiations.
The Appellate Division in this department, in Salzano v. Pellillo (4 A D 2d 789) has recently stated that (p. 790): ‘ ‘ There is a rule that when a broker opens negotiations between parties but, failing to bring the customer to the terms specified by the owner, abandons them and the owner subsequently sells to the same person, the owner is not liable to the broker for commissions
*226 In Restatement of the Law of Agency (Vol. 2, pp. 1051-1052) it is said: “ Where a person employs only one broker to procure a customer, the broker ordinarily is entitled to his commission, under the rule stated in this Section, if he causes a customer to negotiate with the principal and the customer makes a purchase without a substantial break in the ensuing negotiations. * * * If, during the progress of negotiations, the broker abandons further efforts * * * he is not entitled to compensation, although subsequently negotiations are reopened and the purchase is completed.”
Plaintiff contends, however, that where the seller eventually accepts the precise offer made by the buyer, the mere lapse of time between offer and acceptance is not enough to defeat a claim for brokerage as a matter of law. Assuming, arguendo, that this be so, the court does not believe that the facts in this case justify an exception to the general rule stated above. It is by no means clear that the final offer of the buyer apparently involving a new and different disposition of the vacant lot, was identical with his offer of the previous August. Nor is there any proof that all the various articles of personalty included in the rider to the contract of sale were contemplated in the earlier negotiations.
Plaintiff has not borne the burden of proving that the two offers were exactly alike, nor has she established any fraud or bad faith on the part of the defendants.
Accordingly, defendants are entitled to judgment that the complaint be dismissed.
The foregoing are the facts found by the court, and constitute its decision as required by section 440 of the Civil Practice Act.